Marvin Marless **BILBREY**, Plaintiff
in Error,

v.

The **STATE** of Oklahoma, Defend-
In Error,

No. A–14798.

Court of Criminal Appeals of Oklahoma.

April 23, 1969.

Sam J. Goodwin, Pauls Valley, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Marvin Marless Bilbrey, hereinafter referred to as defendant, was tried by a jury for the crime of Burglary in the Second Degree, was found guilty, and his punishment assessed at three years in the State Penitentiary. Thereafter an appeal was duly filed in this Court on the 5th day of June, 1968.

This case was submitted on the 11th day of December, 1968. No briefs were filed in support of the Petition in Error, and we therefore consider this appeal under the authority of Campbell v. State, Okl.Cr., wherein this Court, speaking through the Honorable Kirksey Nix, stated the rule that:

"Where the defendant appeals from a judgment of conviction and no briefs are filed in support of the petition in error, this Court will examine the record only for fundamental error. If none appears of record, the judgment will be affirmed."

The undisputed facts, as revealed from the record, are that on the evening of the 18th day of August, 1966, officers of the Pauls Valley Police Department were alerted by a burglar alarm in the Elk's Lodge; they proceeded to the Lodge where they observed that the building had been broken into and the defendant, together with his co-defendant who were inside the building, were taken into custody. The defendant, Bilbrey, was identified as one of the two men inside the building on the evening of the burglary. An examination of the premises revealed burglary tools and a

walkie-talkie set. Further examination disclosed that the juke box had been broken into and the money removed therefrom. The defendant did not testify in his own behalf.

■ Under these circumstances we find that the verdict of the jury was amply supported by the record and the case is free of any error which would justify modification or reversal. The judgment and sentence appealed from is accordingly affirmed.

BUSSEY and NIX, JJ., concur.